IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| HYMON A. WALKER,<br>TDCJ No. 1014857,<br>Plaintiff,<br><br>v.<br><br>JOHN L. HOWARD, *et al.*,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 7:08-CV-208-O |

MEMORANDUM OPINION AND ORDER

Came on to be considered Defendants' Motion for Summary Judgment, Plaintiff's response thereto, and Plaintiff's Motion for Summary Judgment, and the Court finds and orders as follows:

This is an action brought pursuant to 42 U.S.C. § 1983 by an inmate currently confined in the Eastham Unit of the Texas Department of Criminal Justice ("TDCJ") in Lovelady, Texas. Defendants are officers at the James V. Allred Unit of the TDCJ. Complaint ¶ IV.B. During the time of the events giving rise to this lawsuit, Plaintiff was confined in the Allred Unit.

Plaintiff claims that Defendants were deliberately indifferent to his need for medical care. Complaint ¶ V. Defendants deny that they were deliberately indifferent to Plaintiff's medical need and argue that their actions were reasonable under the circumstances.

In order to state a colorable claim for the denial of medical care under the Eighth Amendment, an inmate must allege acts or omissions "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference" under the Eighth Amendment occurs only where a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S.

825, 837 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996). However, it is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993). As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *See Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982). A disagreement over the appropriate medical treatment constitutes, at most, a possible claim of medical malpractice appropriately addressed under state law. *E.g., Estelle v. Gamble*, 429 U.S. at 107-08; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

Plaintiff claims that he suffers from asthma and that Defendants were deliberately indifferent to his need for treatment when they refused to allow him to seek medical care during an instance when he was having trouble breathing on the recreation yard at the Allred Unit. Complaint ¶ V. Plaintiff claims that Defendant Howard refused his adamant requests to go to the medical department. Plaintiff's Answers to the Court's Questions No. 1-3. He states that Howard refused to call the medical department, cursed him, and threatened him with disciplinary action. *Id.* Plaintiff claims that Howard later lied to his supervisor when he claimed to have contacted the medical department about Plaintiff's complaint of breathing difficulty. *Id.* at No. 3. Plaintiff claims that Defendant Deluna, Howard's supervisor, "acquiesced to Howard's conduct and failed to intercede on [his] behalf." *Id.* at No. 4. He also claims that Deluna refused to contact the medical department. *Id.* at No. 6. Plaintiff claims that it took him 15 days to obtain medical care for his breathing problem. Complaint ¶ V.

Defendants' claim that they were not deliberately indifferent to Plaintiff's need for medical care and that they are entitled to qualified immunity because their actions were reasonable under the

circumstances. *See* Defendants' Motion for Summary Judgment, hereinafter "Defendants' MSJ at p. ___."). Defendant Howard states that, although Plaintiff did not appear to have difficulty breathing, he called his supervisor, Defendant Deluna, who came to the recreation yard to check on the situation. Defendants' MSJ at p. 6. Howard claims to have called Nurse Biter in the medical department to report the situation and for direction. *Id.* Biter stated that Plaintiff's medical card had no indication of asthma and that, if Plaintiff was able to yell and scream, he was not having breathing problems. *Id.* Biter advised Howard not to send Plaintiff to the medical department. Defendants' MSJ at p. 8. The affidavits of Howard and Biter corroborate this version of the events. Defendants' MSJ Exhibits 1 & 2. Nurse Biter states that she could hear Plaintiff Walker yelling and screaming through the telephone. Defendants' MSJ Exhibit 2.

Defendants have asserted the defense of qualified immunity.[1] The first step in evaluating a government official's entitlement to a defense of qualified immunity is to determine both what the current applicable law is and whether it was clearly established at the time of the events giving rise to the lawsuit. *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995) (citing *Siegert v. Gilley*, 500 U.S. 226, 231 (1991)). If the plaintiff has stated a violation of a constitutional right which was clearly established at the time, the court should then determine whether a reasonable official would have understood that his or her conduct violated that right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The law relating an inmate's right to medical care for serious medical needs was well

---

[1] Government officials are entitled to qualified immunity from suit when performing discretionary functions unless their conduct violated statutory or constitutional rights, clearly established at the time of the alleged incident, of which a reasonable person would have known. *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995). "Qualified immunity is a defense from both liability and suit." *Heitschmidt v. City of Houston*, 161 F.3d 834, 840 (5th Cir. 1998) (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)). As such, the question of qualified immunity should be resolved at the earliest possible stage of litigation. *Hunter v. Bryant*, 502 U.S. 224, 226 (1991); accord *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995).

established at the time of the events giving rise to this lawsuit. Accordingly, the Court will look to Plaintiff's claims and the evidence relating to Defendants' conduct.

Plaintiff concedes that Defendant Howard called his supervisor, Defendant Deluna, to the recreation yard to evaluate Plaintiff's situation and that Deluna responded by coming to the area and talking to Plaintiff. Plaintiff's Brief in Support of Motion for Summary Judgment at p. 2. The undisputed fact that Defendant Howard called his supervisor to come to the recreation yard to evaluate the situation constitutes reasonable conduct under the circumstances. *See Thompson v. Johnson*, 348 Fed. Appx. 919, 922, 2009 WL 3199647 at **3 (5th Cir. 2009) (prison guard responding to an incident involving an assault was entitled to qualified immunity resulting from reasonable conduct in directing another guard to call a supervisor). Plaintiff further concedes that, when Defendant Deluna arrived on the recreation yard and spoke to Plaintiff, Deluna's opinion upon observing Plaintiff was that there did not appear to be anything wrong with Plaintiff. Plaintiff's Answer to the Court's Question No. 6. Therefore, Deluna's actions under the circumstances as they appeared to him at the time were reasonable.

The Court finds that, base upon the pleadings and evidence before this Court, the conduct of the Defendants was objectively reasonable under the circumstances. As such, Defendants are entitled to qualified immunity from suit.

Even assuming *arguendo*, that Defendants are not entitled to qualified immunity, Plaintiff cannot prevail in this action. Plaintiff has not shown that Defendants were deliberately indifferent to his need for medical care. As stated earlier, "deliberate indifference" under the Eighth Amendment occurs only where a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer*, 511 U.S. at 837. The record in this action reflects that,

in the subjective opinions of Howard and Deluna, based upon their observations of Plaintiff, he was not in respiratory distress and was therefore not in need of medical attention.

Summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Substantive law provides that an issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). The nonmovant is not required to respond to the motion until the movant properly supports his motion with competent evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). However, once the movant has carried his burden of proof, the nonmovant may not sit idly by and wait for trial. *Page v. DeLaune*, 837 F.2d 233, 239 (5th Cir. 1988).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24; *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden," *Douglass*, 79 F.3d at 1429, as "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Merely colorable evidence or evidence

not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, "the [court's] function is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The movant's motion for summary judgment will be granted if he meets his burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56(e)(2).

The summary judgment evidence presented in the instant case establishes that there are no genuine issues of material fact and that Defendants are entitled to summary judgment as a matter of law.

For the foregoing reasons, it is ORDERED that Defendants' Motion for Summary Judgment is GRANTED and Plaintiff's complaint is dismissed with prejudice.

The Clerk of Court shall transmit copies of this order to Plaintiff and to Counsel for Defendants.

SO ORDERED this 6th day of March, 2012.

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**